J-S01009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHARLES JORDAN | : | |
| | : | |
| Appellant | : | No. 27 MDA 2018 |

Appeal from the Judgment of Sentence March 21, 2017
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001163-2016

BEFORE: PANELLA, P.J., MURRAY, J., and PELLEGRINI\*, J.

MEMORANDUM BY PANELLA, P.J.: **FILED JUNE 21, 2019**

Charles Jordan purports to appeal *nunc pro tunc* from the judgment of sentence entered in the Lackawanna County Court of Common Pleas after the PCRA court granted his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, and restored his right to file a direct appeal. We hold that the PCRA court had no jurisdiction to reinstate Jordan's direct appellate rights *nunc pro tunc*. As such, we vacate the court's order granting Jordan leave to file a *nunc pro tunc* appeal from the judgment of sentence and dismiss Jordan's appeal for lack of jurisdiction.

In December of 2016, Jordan was convicted of illegally possessing a firearm, possession of a firearm without a license, receiving stolen property, and two counts of tampering with evidence. On March 21, 2017, the trial court

_____

\* Retired Senior Judge assigned to the Superior Court.

sentenced Jordan to 11 to 22 years' imprisonment. Jordan did not file post-sentence motions or a direct appeal.

On March 30, 2017, Jordan filed a PCRA petition ("First PCRA Petition") alleging ineffective assistance of trial counsel. After appointing PCRA counsel, the PCRA court dismissed Jordan's First PCRA Petition without a hearing on July 19, 2017. Jordan did not appeal from the dismissal of his First PCRA Petition.

However, on August 14, 2017, Jordan filed an untimely *pro se* notice of appeal from his judgment of sentence ("First Direct Appeal"). This Court docketed Jordan's appeal at 1289 MDA 2017. The trial court appointed counsel to represent Jordan on his First Direct Appeal, but who instead filed a "Petition to Withdraw PCRA and Reinstate Direct Appeal Rights *Nunc Pro Tunc*" on November 3, 2017 ("Second PCRA Petition"). The trial court immediately granted Jordan's Second PCRA Petition and reinstated Jordan's direct appeal rights that same day. Jordan filed the instant appeal pursuant to this order on December 19, 2017 ("Second Direct Appeal").

Meanwhile, Jordan's First Direct Appeal was still pending before this Court. On December 13, 2017, this Court issued a Rule to Show Cause directing Jordan to explain why his First Direct Appeal should not be quashed as untimely. Counsel responded by letter to this Court on December 20, 2017, explaining that because Jordan's First Direct Appeal was untimely, the PCRA court reinstated Jordan's direct appeal rights and counsel had filed Jordan's Second Direct Appeal the previous day. By order of January 25, 2018, this

Court quashed Jordan's First Direct Appeal as untimely and duplicative of the instant appeal.

In this appeal, Jordan raises a myriad of claims of trial court error, asserting that the trial court erred in denying his pre-trial suppression motion, his motion for mistrial, his motion to strike, by improperly admitting evidence and hearsay statements, and in sentencing. *See* Appellant's Brief, at 4-5, ¶¶ I-VII, IX. Further, Jordan assails the sufficiency and weight of the evidence underlying his convictions. *See id*., at 5 ¶ VIII.

However, before we can address the merits of these issues, we must determine if the PCRA court had jurisdiction to hear Jordan's Second PCRA Petition and restore his direct appeal rights. We may raise jurisdictional issues *sua sponte*. **See Commonwealth v. Davis**, 176 A.3d 869, 873 (Pa. Super. 2017). The timeliness of a PCRA petition is a jurisdictional requisite. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008). "Pennsylvania law makes clear *no court* has jurisdiction to hear an untimely PCRA petition." **Commonwealth v. Ballance**, 203 A.3d 1027, 1031 (Pa. Super. 2019).

As a general rule, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id**., at § 9545(b)(3). Moreover, "[a] PCRA petition may only be filed after an appellant has waived or exhausted his direct appeal rights."

*Commonwealth Leslie*, 757 A.2d 984, 985 (Pa. Super. 2000) (citation omitted).

Instantly, the trial court sentenced Jordan on March 21, 2017. Instead of filing post-sentence motions or a direct appeal, Jordan filed a premature PCRA petition on March 30, 2017. The filing of a PCRA petition did not toll the 30-day direct appeal period. As such, Jordan's judgment of sentence became final for PCRA purposes on April 20, 2017, upon expiration of the time to file a direct appeal. He had until Friday, April 20, 2018, to file a timely PCRA petition.

Jordan filed his Second PCRA Petition on November 3, 2017. Therefore, he filed this petition within one year of the date his judgment of sentence became final.

Nevertheless, we conclude Jordan's Second PCRA Petition was not properly before the court. Jordan filed his First Direct Appeal in August of 2017. This Court did not quash the First Direct Appeal until January 25, 2018. Therefore, Jordan's Second PCRA Petition, filed November 3, 2017, was filed while his Second Direct Appeal was pending before this Court. Generally, "after an appeal is taken … the trial court … may no longer proceed further in the matter." Pa.R.A.P. 1701(a). Accordingly, the PCRA court clearly had no authority to grant Jordan relief on his Second PCRA Petition while his First Direct Appeal was pending.

We are then left with the question of the status of Jordan's Second PCRA Petition. Interestingly, Rule 1701 only prohibits the court from proceeding in

- 4 -

the matter; it does not explicitly prohibit parties from filing in the trial court. We are unable to find any authority for the proposition that Rule 1701 prohibits *parties* from filing documents with the trial court during the pendency of an appeal.

In the context of a PCRA, however, our courts have developed rules that prohibit petitioners from filing a serial petition while a prior petition is under review on appeal. **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) ("We now hold that when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition…"). While **Lark** and its progeny do not deal explicitly with the effect of filing a PCRA petition during the pendency of a *direct* appeal, we can find no reason to draw a distinction between the two on this issue. Indeed, a panel of this Court recently implicitly incorporated direct appeal into the **Lark** rule. **See Ballance**, 203 A.3d at 1032-1033 (opining that where petitioner's one-year time frame to file PCRA petition begins prior to the filing of an untimely direct appeal, petitioner must withdraw the direct appeal before filing PCRA petition).

Therefore, Jordan's Second PCRA Petition, though technically timely, was a nullity given the pendency of Jordan's untimely First Direct Appeal. Although the PCRA court should have dismissed the petition, the court instead addressed it on the merits. This was error.

The PCRA court lacked jurisdiction to hear Jordan's Second PCRA Petition. Accordingly, we lack jurisdiction to hear an appeal stemming from

- 5 -

the grant of that petition. ***See Commonwealth v. Hutchins***, 760 A.2d 50, 54 (Pa. Super. 2000).

For these reasons, we vacate the court's order granting Jordan leave to file a *nunc pro tunc* appeal from the judgment of sentence and dismiss the current appeal for lack of jurisdiction.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/21/2019